## JOSEPH E. WOOD *vs.* AMAZIAH BULLENS.

The plaintiff in an action upon a promissory note payable on demand in specie can only recover judgment for the amount of the face of the note and interest thereon, although he offers to prove that, at the time when payment of the note was demanded, specie was worth a premium above par.

CONTRACT upon the following promissory note :

" $500.                                    Chicopee Dec. 31, 1861.

" For value received I promise to pay Joseph E. Wood or order five hundred dollars on demand, with interest, the above payable in specie.                         A. Bullens."

The plaintiff in the first count alleged simply the making of the note, in the usual form; and in the second count, alleged that he lent to the defendant the sum of five hundred dollars in current coin of the United States, in consideration that the defendant would promise to repay said sum in specie on demand with interest; and the defendant, in consideration of said loan, accordingly so promised, by his said agreement in writing, and the plaintiff has demanded of the defendant the payment of said sum in specie, but the defendant refused to pay the same.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff offered to prove all the allegations of the declaration, and that, at the time of his demand upon the defendant, specie was worth a certain premium above par; and he contended that, as damages for the breach of the special contract set out in the second count, he was entitled not merely to a verdict for five hundred dollars and interest from its date, but for such additional sum as the jury should be satisfied the premium on specie would amount to at the time when the demand was made. But the judge ruled that, even if all these facts were proved, the jury could only return a verdict for five hundred dollars and interest thereon; and the jury returned a verdict accordingly.

The plaintiff alleged exceptions.

*E. W. Bond,* for the plaintiff. The defendant made a special contract, and he ought to be held to a performance of it, or to the payment of such a sum as damages as will be equivalent to a performance of the contract. The damage sustained by the plaintiff by non-payment of the note when payment was demanded was the market value of five hundred dollars in specie at that time; and this value was much greater than that of five hundred dollars in the legal tender currency of the country.

In all cases of contracts payable in specific articles, the courts seek to carry out the intention of the parties, and they vary the rule of damages in different cases to meet that intention. In this case, the intention of the parties is obvious. Specie was at a premium when the note was made, and there was a great difference of opinion in the community as to what would be its future value. The plaintiff probably thought that it would advance, and the defendant that it would fall. Each party took upon himself the risk of fluctuations in its value, and it would be grossly unjust, and opposed to the letter and spirit of the contract, to allow the defendant to pay the note in something worth much less than specie.

The courts have in some cases held that, where a promise is made to pay a certain sum in a certain kind of merchandise, the sum is to be paid either in the merchandise named or in money, at the election of the promisor; but this is on the ground that the provision as to paying in merchandise is inserted for the benefit of the promisor, and therefore he may waive it. In the present case, however, it is clear that the provision as to paying the note in specie was inserted for the benefit of the plaintiff, because specie could not be worth less than par, and might be worth much more. By the words " five hundred dollars in specie," the parties intended " five hundred specie dollars;" that is, the same kind of dollars which the plaintiff paid to the defendant as the consideration for the note. Where notes are given for a specified sum, payable in bank notes, or other *choses in action,* the measure of damages is not such specified sum, but the value of such paper at the time when the

notes mature. 2 Parsons on Con. 518, note, and authorities there cited. *Robinson* v. *Noble*, 8 Pet. 181.

*G. M. Stearns*, for the defendant. When this note was made, specie was the only legal tender, and every note was therefore payable in specie. The subsequent depreciation of the currency does not have any effect upon the amount to be paid. Story on Notes, § 391, *n.* And if a note is payable in one kind of currency, it may be paid in any other lawful currency, although the latter may be depreciated in value. Any money is lawful which congress says is lawful, and courts cannot discuss the question whether one kind of money is better than another. The note fixes how much is to be paid. How then shall he take judgment for more? *Brooks* v. *Hubbard*, 3 Conn. 58. *Shoenberger* v. *Watts*, Amer. Law Register, July 1862, 553.

CHAPMAN, J. This action is brought upon a promissory note for five hundred dollars payable on demand with interest, with the additional words, "the above payable in specie." The plaintiff proved that he had demanded payment of the note in specie, and offered to prove that on the day when he made the demand, specie was worth a certain premium above par. He contends that he is entitled to recover judgment for the amount of such premium in addition to the sum of five hundred dollars and interest.

This position assumes that specie is to be regarded as an article of merchandise, and not as money. For if we regard it as money, it is itself the standard of value, and the statement that a dollar can be above or below par is absurd. It is, in effect, a statement that a dollar can be worth more or less than a dollar.

Dealers in money may, for their own convenience, and especially in respect to foreign trade, treat money as merchandise, and speak of gold or silver as being above or below par. But when a gold or silver dollar is spoken of in this manner, it is with reference to something else as a standard of par value. Thus it has sometimes happened that the market value of these two metals has changed, and that a dollar in silver has been worth more in the market than a dollar in gold. Yet courts have

been compelled by law to treat them as money, and to regard a dollar of one metal as equal to a dollar of the other. Equality may be wholly or partially restored by debasing one species of coin, or improving that of the other. It is one of the attributes of sovereignty to do this, and when it is done courts of law must conform to the change, and regard that as a dollar which congress declares to be so.

A judgment in a suit upon a note must be rendered for a certain sum in money, expressed in dollars and cents. Execution must issue for this sum, with costs; and the amount is to be collected. If we were to add to the amount of the note and interest a further sum, for example, one hundred dollars, as a premium on specie, the execution would still be collectible in money. If the officer could seize a sufficient amount of gold or silver to pay the execution and costs, he could pay to the plaintiff the specie, and thus the plaintiff would obtain more than the amount of his debt. If the defendant's goods should be sold at auction on execution, and the purchasers should pay in specie, the same result would follow. If land should be set off on execution, its value may be so changed by the condition of the currency, as to affect the interests of the parties materially. It may be that the judgment will remain unsatisfied till gold shall, as merchandise, sink below par. This would again affect the interests of the parties and the value of the judgment. The weekly fluctuations of the gold market are constantly operating in the same way. But these are matters which are beyond the reach of courts of law. They involve values, and sometimes equities, which no judicial tribunal can adjust or regulate. All that courts can do is to treat as money that which the statutes of the United States, legally enacted, declare to be money.

If it were in our power to render a specific judgment, designating the species of currency in which it should be paid, we might avoid some of the existing difficulties; but we have no such authority. *Exceptions overruled*